IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH ROMANTINE, ) | |
| ) | Civil Action No. 09 - 973 |
| Plaintiff, ) | |
| ) | Judge Donetta W. Ambrose / |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| CH2M HILL ENGINEERS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER ON PLAINTIFF'S MOTION TO STRIKE

Plaintiff, Ralph Romantine, brings this action against Defendant, CH2M Hill Engineers, Inc. alleging that he was terminated from his employment with Defendant because of his age, in violation of the Age Discrimination in Employment Act.

Pending before this court is Plaintiff's motion to strike portions of Defendant's answer as well as all of the affirmative defenses. For the reasons that follow, the motion will be denied.

**A. Romantine's Motion to Strike Certain Answers**

Plaintiff has moved to strike certain paragraphs of Defendant's answer on the basis that the responses are insufficient under Fed. R. Civ. P. 12(f). Specifically, Plaintiff objects to the fact that the responses state that Defendant is unable to further respond as the allegations are vague and ambiguous. While this is correct, each response also contains either an affirmance or a denial of the allegations. Fed. R. Civ. P. 8(b) requires a party to "admit or deny the allegations asserted against it" and fairly respond to the allegations asserted. In each paragraph complained of the Defendant did either admit or deny and, in some cases, it provided additional information. This is clearly sufficient under the revised rules. The fact that the Defendant added the protective

language regarding "vagueness and ambiguity" does not render the response insufficient to the point that it must be stricken.

**B. Romantine's Motion to Strike Affirmative Defenses**

The second portion of Plaintiff's motion presents an interesting argument to the court. He argues that under the Supreme Court case of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) the affirmative defenses raised by the Defendant must be stricken as they fail to comply with the pleading requirements of Rule 8(b)(1)(A). Plaintiff argues that the language of *Twombly* "requires that a defendant must set forth more than labels and conclusions in its list of defenses....Rather, a defendant must set forth the factual allegations which give rise to the 'legal' defense." Defendant in this case, not unlike defendants in most answers received by this court, set forth a list of affirmative defenses to Plaintiff's complaint. These consist of a recitation of a legal defense without reference to the facts upon which such defense is based. Plaintiff is requesting that the court strike all 17 of these affirmative defenses. According to Plaintiff, a *Twombly* based interpretation of Rule 8(b)[1] requires the defendant to set forth a statement of the facts showing that it is entitled to relief on each of these affirmative defenses.

As Defendant points out in its response, the Third Circuit has not rendered any decision stating that the *Twombly* pleading standard for complaints also applies to affirmative defenses. Defendant further refers to two opinions from courts outside of this circuit which have specifically held that *Twombly* does not apply to affirmative defenses under Rule 8(c). *See First National Ins. Co. of America v. Camps Services, Ltd.*, 2009 U.S. Dist. LEXIS 149, at *4.5

---

[1]Plaintiff argues that the wording of 8(b) is similar to that of 8(a) to which *Twombly* clearly applies. This fails to address the fact that affirmative defenses are not governed by 8(b) but by 8(c).

(E.D. Mich. Jan. 5, 2009); *see also Westbrook v. Paragon Sys.*, 2007 U.S. Dist. LEXIS 88490, at *2 (S.D. Ala. Nov. 29, 2007). The Supreme Court in *Twombly* was interpreting pleading requirements of Rule 8(a)(2). This court does not believe that *Twombly* is appropriately applied to either affirmative defenses under 8(c), or general defenses under Rule 8(b), and declines to so extend the Supreme Court ruling as requested by Plaintiff. Therefore,

**IT IS HEREBY ORDERED**, this 23rd of October 2009, that Plaintiff's Motion to Strike is **DENIED** in its entirety.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed ten (10) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have ten (10) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal may constitute a waiver of any appellate rights.

By the Court:

Lisa Pupo Lenihan
United States Magistrate Judge

cc: All counsel of record