IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH ROMANTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-973 |
| | ) | |
| CH2M HILL ENGINEERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| AMBROSE, Senior District Judge | ) | |

**MEMORANDUM OPINION
AND ORDER**

Plaintiff has filed one motion *in limine* [Docket No. 62] and Defendant has filed seven motions *in limine* [Docket Nos. 63-69]. Having carefully considered the motions, the parties' responses thereto, and any replies, I find as follows:

**Plaintiff's Motion *In Limine*** [Docket No. 62]

Plaintiff moves *in limine* to exclude Defendant from offering as evidence certain documents designated as probable or possible trial exhibits in Defendant's pretrial statement. I will address each exhibit individually.

Defendant's probable exhibit number 1 is a letter from George Alexander to Plaintiff, dated July 7, 1999. Plaintiff argues that it should be excluded as irrelevant, since it addresses a job offer from Defendant's predecessor to Plaintiff in 1999, nine years before the events giving rise to this lawsuit. Defendant argues that the document is relevant to the circumstances of Plaintiff's hiring and the scope of his employment.

1

I agree with Defendant that the document is relevant to the issue of Plaintiff's employment by Defendant.  Accordingly, Plaintiff's motion is DENIED with respect to Defendant's probable exhibit number 1.

Defendant's probable exhibit number 2 is a letter from Fred Marsh to Plaintiff, dated December 19, 2003.  This letter is subsequent job offer to Plaintiff from Defendant, and is similarly relevant to the issue of Plaintiff's employment by Defendant.  Accordingly, Plaintiff's motion *in limine* to exclude Defendant's probable exhibit number two is DENIED.

Defendant's probable exhibit number 3 consists of a series of press releases by various companies reporting on the impact of the economy on their businesses in 2007-08 time period.  Plaintiff seeks to exclude these documents on the grounds that they are hearsay and unauthenticated business records.  Defendant argues that the documents are admissible to show the general perception during the time that the economy and marketplace were in significant decline.

These documents appear to be a small and random collection of news articles from the time period narrowly focused on certain companies' projections and reports.  None of these companies is a defendant herein, nor are they necessarily related to the subject matter of this lawsuit.  More importantly, there is no evidence before me that these documents were ever viewed by any employee of Defendant at the time or in connection with its decision to terminate Plaintiff.   Defendant's witnesses can certainly testify as to their perceptions of the economy and their business at the time, and the basis for those perceptions, but they may not introduce these news articles or any others like them absent some evidence that they viewed those articles at the time period in question and that the news articles impacted their decision-making.  Accordingly,

I find that Defendant's probable exhibit 3 is irrelevant and GRANT Plaintiff's motion *in limine* to exclude it.

Defendant's probable exhibit 11 consists of handwritten notes by Alexander Gearhart. Plaintiff argues that they should be excluded as hearsay.  I agree with Defendant that these notes constitute recorded recollections under Federal Rule of Evidence 803(5) and may be read into the record as evidence, but received as an exhibit only if offered by Plaintiff.  Accordingly, Plaintiff's motion with respect to Defendant's probable exhibit 11 is DENIED.

Defendant's probable exhibit 13 consists of Defendant's anti-discrimination policy. Plaintiff argues that this exhibit duplicates Defendant's probable exhibit 12 and is therefore redundant and irrelevant.  Defendant has not opposed Plaintiff's motion with respect to this document.  Accordingly, Plaintiff's motion to exclude Defendant's probable exhibit 13 is GRANTED.

Defendant's probable exhibit 14 is a copy of Defendant's termination policy.  Plaintiff argues that it is irrelevant because it does not address age discrimination.  Defendant argues that it is relevant to show that its decision to terminate Plaintiff's employment was made in conformance with its policies and procedures, which negates an inference of age discrimination. I agree with Defendant that its termination policies are relevant to this action, and therefore, Plaintiff's motion to exclude probable exhibit 14 is DENIED.

Defendant's possible exhibit 3 is a statement by John Neville.  Plaintiff moves to exclude it as hearsay.  Defendant clarifies that he will introduce the exhibit only if Plaintiff calls Mr. Neville as a witness and if necessary for cross-examination.   Defendant has identified no exception to the hearsay rule which applies to this unsworn statement, nor have I found one. Accordingly, I GRANT Plaintiff's motion to exclude Defendant's possible exhibit 3.  I note that,

after the conclusion of Mr. Neville's direct testimony, Defendant may seek to introduce the statement if at that time Defendant can demonstrate a proper basis to do so under the Federal Rules of Evidence.

Defendant's possible exhibit 4 is an email by Mike McKelvy, dated April 2, 2008. Plaintiff argues that it should be excluded as hearsay and for lack of relevance.  The email addresses business strategy and direction, and Defendant argues that it would be introduced to establish the effect upon the recipients, including Plaintiff, regarding the possibilities for opportunities to transfer.  Accordingly, I find the document is arguably relevant and, given Defendant's intended use, not barred by the hearsay rule.  Plaintiff's motion to exclude possible exhibit 4 is DENIED.

Possible exhibit 5 is an anonymous Rave, Rant and Rate internet posting.  Plaintiff argues that it cannot be authenticated, that it is hearsay, that George Alexander testified that he did not write the post, and that it is irrelevant.  Defendant submitted no opposition with respect to this document.  I agree that an anonymous post lacks relevance, and therefore, Plaintiff's motion to exclude possible exhibit 5 is GRANTED.

Possible exhibit 6 is an email from John Wharton to various recipients.  Plaintiff argues that it is hearsay and irrelevant.  Defendant has submitted no opposition with respect to this exhibit.  I find that the email is facially irrelevant and potentially hearsay, and accordingly, Plaintiff's motion to exclude possible exhibit 6 is GRANTED.

Possible exhibit 7 is a letter, dated October 2, 2006, which outlines the terms of George Alexander's resignation from Defendant.  Plaintiff argues that the letter is irrelevant.  Defendant seeks to use the letter to address Mr. Alexander's credibility on the issue of Vern Jackson and Defendant.  I agree with Defendant that the circumstances of Mr. Alexander's departure from

Defendant may be relevant to the credibility of his testimony regarding Defendant and Defendant's employees.  Accordingly, Plaintiff's motion to exclude possible exhibit 7 is DENIED.

Possible exhibits 8 and 9 are emails between Vern Jackson and George Alexander. Plaintiff argues that the emails are hearsay and irrelevant.  Defendant seeks to use them to address the credibility of Mr. Alexander's testimony with respect to Vern Jackson.  I find that the emails may be relevant in that context, and that such use does not implicate the hearsay rule. Accordingly, Plaintiff's motion to exclude possible exhibits 8 and 9 is DENIED.

### Defendant's Motions *in Limine*

#### 1.  Defendant's First Motion *in Limine* [Docket No. 63]

Defendant's first motion seeks to exclude so-called "stray remarks" made by its employees, Michael McKelvy, Michael Gearhart and/or Joan Miller.  Plaintiff correctly argues that this issue was addressed by the Court in the connection with Defendant's motion for summary judgment.  In denying Defendant's motion for summary judgment, the Court held that these remarks "are relevant as circumstantial evidence of age discrimination.  A reasonable jury could conclude that an ageist atmosphere or environment existed at Defendant for some period of time, and that representatives of the company were attempting to act in accordance with company philosophy."  (Docket No. 45, at 22.)  Accordingly, Defendant's first motion to exclude evidence relating to these remarks is DENIED.

#### 2.  Defendant's Second Motion *in Limine* [Docket No. 64]

Defendant's second motion seeks to exclude evidence regarding the disclosures provided by Defendant to Plaintiff pursuant to the Older Worker Benefit Protection Act ("OWBPA"). These disclosures were meant to identify the members of the units affected by the reduction in

force and included a list of ages and job titles of those being terminated.  According to Plaintiff,
Defendant's disclosures, on June 4, 2008, and amended on June 5, 2008, failed to name the
Business Development unit as one of the units affected, and misleadingly identified those
employees who remained and were terminated from the unit, including six of the youngest
remaining employees of the Business Development unit.

I agree with Plaintiff that these disclosures by Defendant, if done deliberately or with an
intent to mislead, are relevant and probative to Plaintiff's claim of age discrimination.  Defendant
may present evidence that any accuracies stemmed from clerical error or negligence, but the
inferences are an issue for the jury to determine.  The prejudicial impact is no different than with
respect to any other evidence against Defendant that Plaintiff is entitled to present.  Finally,
Defendant has presented no authority demonstrating that such disclosures are considered releases
barred by Federal Rule of Evidence 408.  Accordingly, Defendant's motion to exclude evidence
relating to its OWBPA disclosures is DENIED.

**3.  Defendant's Third and Fourth Motions *in Limine* [Docket Nos. 65, 66]**

Defendant seeks to exclude the testimony of George Alexander, John Nevill, Chris Linn
and/or other employees of Defendant relative to the existence of age discrimination.

Defendant argues that the terms of the releases signed by George Alexander, John Nevill
and Chris Linn preclude their testimony.  The releases provide, in relevant part, that these
individuals shall "refrain from disclosing, revealing, publishing, or discussing any allegations or
claims or the basis for any allegations or claims against LG, CH2M Hill and/or any of the
Releasees or the terms of this Agreement, and/or the discussions leading up to this Agreement,
except as required pursuant to subpoena. . ." (Docket No. 65-1, at 4, ¶12(a).)  Plaintiff has
indicated that all of these individuals will be appearing pursuant to subpoena, and that these

individuals have already provided deposition testimony pursuant to subpoena, including

subpoenas issued by *Defendant*.  Accordingly, I find that the terms of the release are not violated

by these individuals should they testify pursuant to subpoena in this action.

Defendant further argues that their testimony is not relevant to the issue of whether

Plaintiff was terminated based on his age.  Plaintiff clarifies that these individuals will not testify

regarding the reasons for or circumstances surrounding their termination, but will present

evidence of ageist statements made to them.  Like the so-called "stray remarks," I find that these

individuals may testify with respect to the ageist atmosphere or environment and that

Defendant's employees were acting in accordance with company philosophy.  Defendant's third

and fourth motions to exclude the testimony of these former employees is DENIED.

### 4. Defendant's Fifth Motion *in Limine* [Docket No. 67]

Defendant's fifth motion seeks to exclude evidence relating to Plaintiff's job performance

and the job performance of Plaintiff's replacement, Greg Cherok.  Defendant argues that such

evidence is irrelevant to its decision making given that this was a reduction in work force

termination.

However, in Defendant's letter to Plaintiff advising him of his termination, Defendant

indicated that "[w]e have made our selection for personnel reductions based on a number of

factors, including, by way of example only, the following:  an overall assessment of the M&LS

business unit and its various business segments, a three to six month workforce planning

forecast, individual employee workload levels, *relative individual employee performance*

*relative to the peer group*; if applicable, and *criticality of skill and competencies for current and*

*future work*."  [Docket No. 45, at 17 (emphasis added).]

7

Accordingly, I find that Plaintiff's and his successor's job performance, including evidence of performance reviews and letters of reprimand, are relevant to the issue of Plaintiff's termination.  Defendant's motion to exclude this evidence is DENIED.

### 5.  Defendant's Sixth Motion *in Limine* [Docket No. 68]

Defendant seeks to preclude evidence relating to the fact that certain arguably relevant documents created by Defendant were never found or produced to Plaintiff during discovery. Specifically, Defendant seeks to preclude Plaintiff from suggesting that Defendant destroyed (1) Greg Cherok's 2007 performance review; (2) a March 2008 list of persons that Gearhart was considering for layoffs; (3) emails generally regarding the layoff of M&LS employees; and (4) the 3-6 month workforce planning forecast referenced in Plaintiff's termination letter.

These documents appear very relevant to this action.  Plaintiff has not made a motion seeking an adverse inference with respect to these documents.  To the extent that evidence exists that such documents were created, then Plaintiff is entitled to present such evidence, and the jury can draw its own inferences from Defendant's failure to produce such documents.  Further, once evidence as to the existence of such documents is admitted at trial, then Plaintiff may seek an adverse inference instruction with respect to these documents.  Accordingly, Defendant's motion to exclude reference to its failure to produce such documents is DENIED.

### 6.  Defendant's Seventh Motion *in Limine* [Docket No. 69

Defendant's seventh motion seeks to preclude Plaintiff from introducing evidence related to information not available to Defendant at the time that it was selecting Plaintiff for layoff. Specifically, Defendant seeks to preclude evidence relating to the fact that Plaintiff's duties were reassigned to Greg Cherok after Plaintiff's termination, and that John Anderson was promoted to

fill Cherok's former position.   Defendant also seeks to exclude a Fortune Magazine interview

with CH2M Hill Companies, Ltd.'s CEO, in June 2009.

Plaintiff agrees that the Fortune magazine interview is not relevant and should be

excluded.  With respect to evidence relating to Plaintiff's successor and Defendant's replacement

of terminated or transferred employees in the period following Plaintiff's termination, Plaintiff

argues that such evidence is relevant in that Defendant has argued that its decisions were made in

accordance with a three to sixth month forecast, and that such employee changes are not too

remote in time to be relevant.

I agree that, while Plaintiff may not rely on economic evidence unknown to Defendant at

the time of its decision making, Plaintiff may demonstrate that Defendant's decisions to replace

him with a younger employee, and other similar changes in employment composition, were done

as part of an overall business strategy by Defendant, even though such moves may have been

made six months after Plaintiff's termination.  Defendant, in turn, may produce evidence that

such employment decisions were based on factors other than those argued by Plaintiff.

Accordingly, Defendant's motion to exclude evidence relating to Plaintiff's replacement

and John Anderson's promotion is DENIED.  Defendant's motion with respect to the Fortune

magazine interview is GRANTED.

Dated:  October 24, 2011

BY THE COURT:

/s/<u>Donetta W. Ambrose</u>
Donetta W. Ambrose
Senior U.S. District Judge