IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ralph Romantine, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 09-973 |
| ) | |
| CH2M Hill Engineers, Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

AMBROSE, Senior District Judge

### MEMORANDUM OPINION AND ORDER

Plaintiff has filed a motion *in limine* (Docket No. [106]) to exclude portions of deposition testimony by George Alexander that Defendant designated for use at trial. Having carefully considered the motion, the parties' responses thereto, and any replies, I find that the motion should be granted in part, and denied in part, as follows:

1. **Plaintiff's motion to exclude designations regarding Mr. Alexander's reasons for terminating John Nevill is DENIED.** In his deposition, Mr. Alexander discusses why he would terminate Mr. Nevill in response to a hypothetical question asking who he would have let go if he had been the decision maker. (Docket No. 111, Exhibit A, at 8, lines 22-25.) Mr. Alexander answers that it is a toss-up between Mr. Nevill and Greg Cherok and explains his reasons for selecting each. Plaintiff has designated the portions of Mr. Alexander's testimony regarding why Mr. Cherok should be terminated; Defendant did not object. Although the relevance of those designations is unclear, I find that the Rule of Completeness necessitates including Mr. Alexander's testimony relating to why he would also consider Mr. Nevill for termination. F.R.E. 106.

2. **Plaintiff's motion to exclude Mr. Alexander's deposition testimony about sexual harassment charges against Mr. Nevill is DENIED.** I agree with Defendant that Mr. Alexander's account of sexual harassment charges made against Mr. Nevill is relevant to Nevill's credibility. I find that these designations may be used to explore whether Mr. Nevill is biased against CH2M. However, this evidence must be used: 1) after Defendant has confronted Mr. Nevill about his alleged bias, see F.R.E. 607 and 611; or 2) during the examination of any witness who will testify concerning Mr. Nevill's character for truthfulness. F.R.E. 608.

3. **Plaintiff's motion to exclude Mr. Alexander's account of his resignation is DENIED.** I agree with Defendant that this testimony is relevant and probative of Mr. Nevill's credibility and alleged bias and may be used for impeachment purposes.

4. **Plaintiff's motion to exclude designations wherein Mr. Alexander discusses disputes with Mr. Vernon Jackson is GRANTED.** I find Mr. Alexander's disagreement with one employee is not relevant. Nor is said testimony probative of Mr. Alexander's alleged bias against CH2M.

5. **Plaintiff's motion to exclude Mr. Alexander's views as to the problems involved with employing women as outside salespersons is GRANTED.** I find this evidence is not relevant. One's opinion as to gender does not bear on one's view as to age. It is too attenuated to suggest that Mr. Alexander's unfavorable view of women as outside salespersons influenced CH2M to terminate Mr. Romantine and retain a younger person.

6. **Plaintiff's motion to exclude Mr. Alexander's views on the economy is DENIED.** I find this evidence is relevant to Defendant's alleged legitimate, nondiscriminatory reason for terminating Mr. Romantine--that he was selected for termination because of a reduction in force due to a lagging economy and not because of his age. That another in the industry had a view of the economy similar to that of CH2M is probative of Defendant's claim.

7. **Plaintiff's motion to exclude Mr. Alexander's employment as a contractor with Parsons is GRANTED.** I find Mr. Alexander's personal employment experience, outside of his employ with CH2M, is not indicative of the state of the U.S. economy and, therefore, is not relevant to this case.

8. **Plaintiff's motion to exclude disputes between Mr. Alexander and Mr. McKelvy about salary is DENIED.** I find this evidence is relevant to a fact-finder's evaluation of Defendant's claim that fiscal considerations led to Mr. Romantine's termination. Moreover, it is probative of and provides the context for evaluating Plaintiff's claim that Defendant terminated Mr. Romantine to hire "younger and cheaper" employees. Also, because Plaintiff has designated some of the line of questioning in Mr. Alexander's deposition dealing with the "younger and cheaper" comment, per the Rule of Completeness, it follows that Mr. Alexander's full explanation of the context of this "stray comment" should be admitted. F.R.E. 106; see Amendment to Section D of Plaintiff's Pretrial Narrative, Docket No. 102, designating pp. 106, line 17 to pp. 107, line 15.

9. **Plaintiff's motion to exclude Mr. Alexander's deposition testimony as to his non-possession of certain documents is GRANTED.** Defendant has not opposed Plaintiff's motion with respect to these designations, nor do I see the relevance of this evidence. Accordingly, this testimony shall be excluded.

Dated: February 27, 2012

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Judge